UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JABRIL MUHAMMAD,

        Plaintiff,

vs.

Case No:
Hon.

DANIEL LUBELAN,
JASON WALTERS, and
JOSHUA DIRKSE

        Defendants.

---

MOSS & COLELLA, P.C.
BY:    A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Hwy, Ste 1150
Southfield, Michigan 48034
248-945-0100
vcolella@mosscolella.com

---

There is no other pending or resolved
civil action arising out of the transaction or
occurrence alleged in this Complaint.

    /s/ A. Vince Colella
    A. Vince Colella (P49747)

## COMPLAINT AND DEMAND FOR JURY TRIAL

    NOW COMES the Plaintiff, JABRIL MUHAMMAD, by and through his attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and for his cause of action against the above-named Defendants, states as follows:

### Parties and Jurisdiction

    1.    Plaintiff, JABRIL MUHAMMAD (hereinafter, "MUHAMMAD"), is a resident of the City of Flint, County of Genesee, State of Michigan.

2. Defendants, DANIEL LUBELAN (hereinafter, "LUBELAN"), JASON WALTERS (hereinafter, "WALTERS"), and JOSHUA DIRSKE (hereinafter, "DIRKSE"), were, at all times pertinent hereto, duly appointed as acting police officers for the Michigan Department of State Police, and as such were its agents, servants and/or employees, acting under color of law, and were in the course and scope of their agency and/or employment with the State of Michigan.

3. Upon information and belief, Defendants LUBELAN, WALTERS, and DIRKSE are residents of the County of Genesee, State of Michigan.

4. The events giving rise to this action took place in the City of Flint, County of Genesee, State of Michigan.

5. That the amount in controversy is in excess of seventy-five thousand ($75,000) dollars, exclusive of interest, costs and attorney fees.

6. Jurisdiction is proper under 28 U.S.C. §1331.

7. Venue is proper under 28 USC §1391(b)(1).

## Common Allegations

8. Plaintiff adopts and incorporates by reference each and every allegation set forth in paragraphs 1–7 as though set forth fully herein.

9. On or about July 16, 2011, Plaintiff MUHAMMAD was walking across Clio Street in Flint, Michigan, near a BP gas station, located at 4006 Clio Road.

10. After Plaintiff crossed the road, Defendants LUBELAN and WALTERS, without warning and without identifying themselves, attacked Plaintiff from behind, shoving Plaintiff to the ground.

11. Once Plaintiff was on the ground, Defendants LUBELAN and WALTERS handcuffed Plaintiff and willfully and/or forcibly smashed his head and face into the ground.

12. Defendants LUBELAN and WALTERS then took Plaintiff to the Genesee County Jail, where they were joined by Defendant DIRKSE and other police officers.

13. At the Genesee County Jail, Defendants severely beat Plaintiff, smashed him against the wall of his jail cell, and used a taser against Plaintiff until Plaintiff was unconscious.

14. Upon waking up in his jail cell after the attack, Plaintiff was stripped naked, bruised, and bleeding.

15. After being incarcerated for over 24 hours without proper medical treatment, he was finally released and taken to the Hurley Medical Center in Flint, Michigan.

## COUNT I – ASSAULT AND BATTERY

16. Plaintiff adopts and incorporates by reference paragraphs 1–15, as though fully set forth herein.

17. The actions and conduct of Defendants as previously alleged and incorporated herein, i.e., forcibly pushing Plaintiff to the ground, smashing his head against the ground, attacking and using a taser on Plaintiff while he was in the jail cell, were willful, wanton, intentional, and reckless.

18. The actions and conduct of Defendants, as previously alleged hereinabove, created a reasonable apprehension of an immediate threat of harm and/or offensive touching to the Plaintiff.

19. The aforementioned actions and conduct by Defendants did, in fact, constitute an offensive and harmful touching to Plaintiff.

20. Defendants knew or should have known that their aforementioned actions and/or

    conduct would cause injury and/or offense to Plaintiff, and furthermore, their conduct did, in fact, cause the aforementioned injuries and/or offense to the Plaintiff.

21. As a direct and proximate result of the actions, conduct, and omissions of Defendants, the Plaintiff sustained serious and permanent injuries, including, but not limited to: a fractured right zygomatic arch, a large abrasion on his cheek, rib contusions, taser burn marks, painful breathing, and other multiple abrasions and contusions.

22. As a further direct and proximate result of Defendants' actions and omissions, Plaintiff MUHAMMAD has suffered the following:
    a. Pain, disability, and mental anguish;
    b. Medical expenses for care, treatment, and rehabilitation; and
    c. Other injuries and damages identified during the course of litigation.

WHEREFORE, Plaintiff, JABRIL MUHAMMAD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants DANIEL LUBELAN, JASON WALTERS, and JOSHUA DIRKSE, in whatever amount the Court deems just in excess of seventy-five thousand dollars ($75,000.00), plus interest, costs, and attorney fees so wrongfully sustained and other further relief as may be deemed appropriate under the circumstances.

## COUNT II – VIOLATION OF CIVIL RIGHTS
## (§1983 DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW)

23. Plaintiff hereby reasserts and re-alleges each and every allegation contained in paragraphs 1–22, as though fully set forth herein.

24. Pursuant to 42 U.S.C. Section 1983 and the Fourth Amendment to the United States Constitution, and under the Constitution of the State of Michigan, Article I, Section 2, Defendants LUBELAN, WALTERS, and DIRKSE owed Plaintiff MUHAMMAD a duty to act prudently and with reasonable care and otherwise to avoid unreasonable and excessive force.

25. Reasonable officers in Defendants LUBELAN, WALTERS, and DIRKSE's position at the time of this incident, prior to the use of excessive force sufficient to push Plaintiff to the ground, smash his head and face against the ground, severely beat and taser Plaintiff while he was in his jail cell, would have known, in light of existing law, that the unlawfulness of his action was apparent under the circumstances and would be a violation of clearly established law and Plaintiff's constitutional rights.

26. As the direct and proximate result of Defendants LUBELAN, WALTERS, and DIRKSE's above-cited violations of clearly established rights, Plaintiff MUHAMMAD suffered the aforementioned injuries.

27. As a further direct and proximate result of Defendants LUBELAN, WALTERS, and DIRKSE's actions, Plaintiff MUHAMMAD has suffered the following:

   a. Pain, disability, and mental anguish;

   b. Medical expenses for care, treatment, and rehabilitation;

   c. Other injuries and damages identified during the course of litigation; and

   d. All damages allowed by 42 U.S.C. 1983, as well as the Fourth Amendment to the United States Constitution, and under the Constitution of the State of Michigan, Article I, Section 2, including punitive and exemplary damages and costs and attorney fees.

WHEREFORE, Plaintiff, JABRIL MUHAMMAD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants DANIEL LUBELAN, JASON WALTERS, and JOSHUA DIRKSE, in whatever amount the Court deems just in excess of seventy-five thousand dollars ($75,000.00), plus interest, costs, and attorney fees so wrongfully sustained and other further relief as may be deemed appropriate under the circumstances.

## COUNT III – AGGRAVATION OF PRE-EXISTING CONDITION

28. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1–27 as set forth and completely restated.

29. If it is established that Plaintiff, JABRIL MUHAMMAD, was suffering with any of the foregoing conditions prior to this incident, then, in that event, Plaintiff claims that the injuries were precipitated, aggravated and/or accelerated by reason of the foregoing incident, caused by the Defendants' acts.

WHEREFORE, Plaintiff, JABRIL MUHAMMAD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants DANIEL LUBELAN, JASON WALTERS, and JOSHUA DIRKSE, in whatever amount the Court deems just in excess of seventy-five thousand dollars ($75,000.00), plus interest, costs, and attorney fees so wrongfully sustained and other further relief as may be deemed appropriate under the circumstances.

        Respectfully submitted,
        MOSS & COLELLA, P.C.

        By: **/s/ A. Vince Colella**
        A. VINCE COLELLA (P49747)
        Attorney for Plaintiff
        28411 Northwestern Highway, Suite 1150
        Southfield, MI 48034
        (248) 945-0100
Dated: December 11, 2012        vcolella@mosscolella.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JABRIL MUHAMMAD,

        Plaintiff,

vs.

        Case No:
        Hon.

DANIEL LUBELAN,
JASON WALTERS, and
JOSHUA DIRKSE

        Defendants.

MOSS & COLELLA, P.C.
BY:   A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Hwy, Ste 1150
Southfield, Michigan 48034
248-945-0100
vcolella@mosscolella.com

## JURY DEMAND

    NOW COMES the Plaintiff, JABRIL MUHAMMAD, by and through his attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and hereby makes a demand for trial by jury in the above matter.

    Respectfully submitted,
    MOSS & COLELLA, P.C.


    By:  **/s/ A. Vince Colella**
    A. VINCE COLELLA (P49747)
    Attorney for Plaintiff
    28411 Northwestern Highway, Suite 1150
    Southfield, MI 48034
    (248) 945-0100
Dated: December 11, 2012    vcolella@mosscolella.com